J:y me Chancellor.

If the defendant was in contempt to liie decree of the Court, he would not be allowed to make any application, but upon such conditions as should be just: but he is not. It is true, the decree was obtained by default ; but this was the consequence of his contempt to the fret process of the Court; and should not be considered as a contempt to the decree, which was obtained in a shorter time on that account; whereby the plaintiff was really benefited. The rule of practice is, that after being in contempt, no plea or demurrer shall be admitted, but upon motion in open Court: and, for the reason before given, that the Court may judge whether it be really a plea to the justice of the case or not, it was very proper, that the attorney-general should file his plea in Court; and, if it be such a one as the Court should have received before the decree, and when the defendant was in contempt to the. original process, it should be received now : because it goes to shew that the plaintiff is not entitled to the aid of the Court, under any circumstances, if the contract be usurious.* and now, as to the terms: the defendant must pay the costs of the bill of review, as well in this Court as in the Court of Appeals; and so the plea was admitted.